UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00045-MR

| | |
|---|---|
| DAVID R. NEWMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on February 12, 2021. [Doc. 1].

**I.     BACKGROUND**

David Randall Newman (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree rape and second-degree kidnapping in Haywood County Superior Court on January 7, 1992 and sentenced to a term of life in prison along with a consecutive thirty-year sentence. [Doc. 1 at 1].

The Petitioner gave notice of appeal in open court and was appointed an appellate defender, which declined appointment on January 29, 1992. State v. Newman, 2011 WL 2462974, *1 (N.C. Ct. App. 2011)(unpublished).

The court appointed another appellate defender on April 26, 2010. Id. The state's motion to dismiss the appeal as untimely was granted on January 14, 2011. Id. The Petitioner then filed an alternative petition for writ of certiorari for the purpose of reviewing his convictions, which was granted on January 25, 2011. Id. The Petitioner claimed that trial counsel was ineffective for failing to seek dismissal of the rape charge on grounds that it occurred outside of Haywood County. Id. On June 21, 2011, the North Carolina Court of Appeals issued its opinion finding no error. Id. The Petitioner did not seek further review by a higher state court. [Doc. 1 at 2].

The Petitioner did not file a post-conviction Motion for Appropriate Review ("MAR") in state court but noted that in December 2013, he wrote a letter directed to the judge in Haywood County Superior Court and was denied relief. [Id. at 3].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on February 12, 2021. [Doc. 1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on January 7, 1992. [Doc. 1 at 1]. The North Carolina Court of Appeals entered its Order on June 21, 2011, finding no error with regard to the Petitioner's convictions. State v. Newman, 2011 WL 2462974, *1 (N.C. Ct. App. 2011)(unpublished). At the latest, Petitioner's conviction became final thirty-five days later, on or about July 26, 2011. See N.C. R.App. P. Rules 14(a) and 15(b)(15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after

written opinion filed). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about July 25, 2012. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). However, the Petitioner stated that he did not file a post-conviction MAR in Haywood County Superior Court, noting that he only filed a written letter to the judge and was denied relief in December 2013. [Doc. 1 at 3]. Even if the letter were deemed to be a "properly filed application for State post-conviction action," it was filed after expiration of the one-year statute of limitations for the § 2254 petition and would not have tolled the limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on February 12, 2021 was well beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is

entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[1]

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

2. Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

**IT IS SO ORDERED**.

Signed: March 28, 2023

Martin Reidinger
Chief United States District Judge

---

[1] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).