UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00045-MR

| | |
|---|---|
| DAVID R. NEWMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Response filed by the Petitioner on April 12, 2023 [Doc. 7], following this Court's Order [Doc. 6] directing the Petitioner to address why his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

I.     **BACKGROUND**

David Randall Newman (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree rape and second-degree kidnapping in Haywood County Superior Court on January 7, 1992 and sentenced to a term of life in prison along with a consecutive thirty-year sentence. [Doc. 1 at 1].

The Petitioner gave notice of appeal in open court and was appointed an appellate defender, which declined appointment on January 29, 1992.

State v. Newman, 2011 WL 2462974, *1 (N.C. Ct. App. 2011)(unpublished). The court appointed another appellate defender on April 26, 2010. Id. The state's motion to dismiss the appeal as untimely was granted on January 14, 2011. Id. The Petitioner then filed an alternative petition for writ of certiorari for the purpose of reviewing his convictions, which was granted on January 25, 2011. Id. On June 21, 2011, the North Carolina Court of Appeals issued its opinion finding no error. Id. The Petitioner did not seek further review by a higher state court and did not file a post-conviction Motion for Appropriate Review ("MAR"). [Id. at 2-3].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on February 12, 2021. [Doc. 1]. Upon initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 6]. The Petitioner filed his Response to the Court's Order on April 12, 2023. [Doc. 7].

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2254 habeas petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a

properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on January 7, 1992. [Doc. 1 at 1]. The North Carolina Court of Appeals entered its Order on June 21, 2011, finding no error with regard to the Petitioner's convictions. State v. Newman, 2011 WL 2462974, *1 (N.C. Ct. App. 2011)(unpublished). At the latest, Petitioner's conviction became final thirty-five days later, on or about July 26, 2011. See N.C. R.App. P. Rules 14(a) and 15(b)(allowing 15 days from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after written opinion filed). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about July 25, 2012.[1] See 28 U.S.C. § 2244(d)(1).

The Petitioner states that he did not file any post-conviction motions in state court, but notes that he did submit a written letter to the Haywood County Superior Court in 2013 and was denied relief in December 2013. [Doc. 1 at 3-4]. Even if such letter were deemed to be a properly filed post-

---

[1] If not sooner. The Court offers no opinion as to whether the limitations period may have begun to run at an earlier date.

conviction motion, it would not have tolled the time to file a federal § 2254 petition because it was filed after the statute of limitations had already expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his Response addressing the timeliness of his § 2254 petition, the Petitioner states that from July 26, 2011 through July 25, 2012, he was incarcerated in state prison in Tennessee. [Doc. 7 at 1]. The Petitioner claims that from 2007 until March 2014, he consistently sent written correspondence seeking assistance to the Haywood County Superior Court,

4

law professors, the North Carolina Court of Appeals, the North Carolina Prison Legal Services, and the attorney appointed to assist him with his 2011 certiorari petition. [Id. at 1-2]. The Petitioner states that he had no access to North Carolina law books and no way to file anything on his own behalf at that time because no one answered his letters or were authorized to help him. [Id. at 2]. The Petitioner further states that legal papers regarding the appellate defender's denial of appointment were sent to a different inmate at Wilkes Correctional Institution while the Petitioner was incarcerated in California, and that he was repeatedly told by his appointed counsel that a direct appeal had been filed when it had not. [Id. at 3]. After being able to obtain his transcripts in 2018, the Petitioner alleges that he has continued to study state and federal laws in order to file his habeas petition. [Id. at 4]. The Petitioner claims that these constitute extraordinary circumstances to justify the tolling of the statute of limitations. [Id. at 2].

The Petitioner's Response fails to establish that equitable tolling applies to excuse the untimeliness of his § 2254 petition. The fact that the Petitioner was incarcerated out of state and did not have access to North Carolina law books or legal assistance does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling. See Garcia Negrete v. United States, 2020 WL 2041342, *2

5

(W.D.N.C. April 28, 2020)(lack of legal knowledge and lack of law library access do not warrant equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012)(access to legal materials typically are not grounds for equitable tolling). Notably, almost all of the issues to which the Petitioner cites date from 2014 or earlier. As such, they are of no benefit to the Petitioner regarding the timeliness of a 2021 Petition.

Moreover, the Petitioner's claims are conclusory. He cannot show any causal connection between his failure to timely file his § 2254 petition and being incarcerated out of state or being without access to legal books or counsel. See also United States v. Taylor, 22 F. App'x 226, 227 (4th Cir. 2001)(conclusory allegations are insufficient to equitably toll statute of limitations). The Petitioner fails to show that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his § 2254 petition. As such, the Petitioner fails to satisfy his burden for equitable tolling and the § 2254 petition shall be dismissed as untimely.

### III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.
2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**  Signed: May 2, 2023

Martin Reidinger
Chief United States District Judge